WELCOME W. JONES et al., Appellants, *v.* LUCRETIA F. WALKER, Respondent.

To charge a wife for work done upon her premises, under a contract with her husband, there must be some evidence that he acted as agent and not as principal, and that his contract was for the wife, upon her credit and with her consent, with knowledge that her credit was pledged, and that she is understood to be the contracting party; his agency will not be assumed without any evidence.

(Submitted September 30, 1875; decided October 8, 1875.)

THIS action was brought to foreclose a mechanic's lien upon certain premises owned by defendant, situate in the city of Buffalo. The lien was claimed under the act chapter 305, Laws of 1844, which authorizes a lien for labor and materials in building, altering or repairing buildings in said city, by virtue of any contract with the owner or his agent. Plaintiff furnished materials for the repair of a dwelling-house upon defendant's premises, who was a married woman, residing with her husband in the house. The husband, so far as it appeared, maintained the family. It did not appear that defendant had any other property save the premises in question, or any income or resources from which to keep the building in repair, or that she assumed to pay any of the charges upon or in respect to the premises. It appeared that for all the purposes of occupancy and enjoyment, as well as keeping in repair, the husband treated the house as his own. In all his transactions and dealings in respect to it, he did not profess to act for his wife, nor did she assume to be principal; but all were in his name as principal, not as agent. Plaintiff knew these facts; he had previously contracted with the husband for labor and materials for repairs on the house, which the latter paid. The contract for the work and materials in question was made with the husband as principal. The account was charged to him, and one of the plaintiffs testified that they looked to him for payment. He also testified that defendant never promised to pay for the work or intimated that her husband was her agent. She did not give directions,

but when inquired of, referred to her husband. He having failed, the notice of lien was filed and the account transferred to her name. The only evidence relied upon to establish an agency was the relation of the parties and the fact that defendant knew the work was in progress, and did not object. *Held*, that these facts, under the circumstances, did not constitute any evidence of agency on the part of the husband or tend to prove that the work was done on the employment of defendant, and that plaintiffs should have been nonsuited. *Gates v. Brown* (5 Seld., 205); *Fairbanks v. Mothersell* (41 How. Pr., 274); *Fowler v. Seaman* (40 N. Y., 592); *Hauptman v. Catlin* (20 id., 247), distinguished.

*N. Morey* for the appellants.

*David F. Day* for the respondent.

ALLEN, J., reads for affirmance of order granting new trial and for judgment absolute against plaintiffs.

All concur.

Order affirmed and judgment accordingly.