ANDREW ZIEGLER, Respondent, v. LETITIA J. GALVIN, Appellant, Impleaded, etc.

*Mechanics' lien — under Laws of 1880, chapter 143 — the contract must be made with the owner or his agent.*

This action was brought by the plaintiff, a sub-contractor of one Galvin, to foreclose a mechanics' lien, filed under chapter 143 of 1880, against the defendant Letitia, who owned a house in the city of Buffalo. Upon the trial it appeared

that in August, 1884, the husband of the defendant, with her full knowledge, consent and approval, and in pursuance of her desire, entered into a written contract with one Galvin to make certain repairs and improvements upon the house, which were intended to and did improve the property; that at the time of the making of the contract her husband resided upon the premises with her and his family, which he wholly provided for and maintained, and that she had no separate business or income, nor did she assume or promise personally to pay any part of the consideration named in the contract; that her husband in fact intended to carry out the contract himself and to pay the consideration therein named to the contractor. according to the terms of the contract, and that she did not expect or intend to pay any part thereof herself.

*Held,* that a finding by the trial court that the husband was the agent in fact for his wife, and that she was bound by his contract, could not be sustained.

That as the plaintiff had not shown that he acted "by virtue of any contract with the owner" of the premises "or his agent," as required by the act, he acquired no lien upon the property.

*Jones* v. *Walker* (63 N. Y., 612); *Cornell* v. *Barney* (94 id., 394) followed; *Otis* v. *Dodd* (90 N. Y., 336); *Burkitt* v. *Harper* (79 id., 273); *Husted* v. *Mathes* (77 id., 388) distinguished.

APPEAL from a judgment entered upon the decision of the Erie County Court.

*Nathaniel W. Norton,* for the respondent.

*William L. Marcy,* for the appellant.

HAIGHT, J. :

This action was brought to foreclose a mechanic's lien. The defendant, Letitia J. Galvin, was the owner of a house and lot in the city of Buffalo. About the month of August, 1884, her husband, Michael J. Galvin, entered into a written contract with one Michael Galvin, a contractor, to make certain repairs and improvements upon the house. The plaintiff, a sub-contractor, filed a lien and brought this action to recover the amount alleged to be due from the contractor to him. The trial court found as facts, that the contract was made by her husband with her full knowledge, consent and approval, and in pursuance of her desire that more room should be added to the house; that the contract was intended and did improve and benefit the property, and that she knew of the contract and improvements being made at the time they were made, and was desirous that they should be made; that at the time of making the contract, her husband resided upon the premises with her and his

family, which he wholly provided for and maintained, and that she had no separate business, or income, nor did she assume or promise, personally, to pay any part of the consideration in the contract for the improvement of the premises; that her husband in fact intended to carry out the contract himself and to pay the consideration therein named, to the contractor, according to the terms of the contract, and that she did not expect or intend to pay any part thereof, herself.

As conclusions of law, the court found that her husband was her agent in fact, and that the plaintiff was entitled to a judgment establishing his lien upon the premises for the sum his due, and that he was entitled to judgment, that the property be sold, etc., to satisfy the same.

Upon the facts found we must differ with the trial court as to its conclusion "that her husband was her agent in fact." Her knowledge, consent and approval that the improvements should be made, standing alone, is not sufficient to constitute an agency. The trial court, as we have seen, has expressly found that her husband made the contract himself and intended to carry it out and pay the consideration named, to the contractor, and that she did not expect or intend to pay any part thereof. It appears to us that this finding is inconsistent with the theory that she was acting as principal and her husband as agent. For if her husband was agent and she principal, then she would become bound by the contract, and would be obliged to pay the amount that became due thereon, and the same could be enforced against her. The fact that she did not expect or intend to pay herself, and that her husband did, tends strongly to show that the husband contracted as principal and not as agent. This is further evident from the other finding to the effect that the husband resided upon the premises with his family, which he wholly provided for and maintained, and that she had no separate business or income. If she had no separate business or income, she may have had nothing with which she could pay the contractor, and the necessary consequences would be the sale of her premises to pay the debt. Her husband, living with her upon the premises, had the right, with her consent, to rebuild and improve the same, at his own expense, for his own comfort and convenience, and that of his family; he had the right to so contract and bind himself, without involving his wife. This view leaves but one other question

necessary for our determination, and that is, whether or not a contractor or sub-contractor can establish a lien for work performed and material furnished, when there is no contract on the part of the owner or his agent, but where the work performed and material furnished is with the knowledge and consent of the owner. Chapter 143 of the Laws of 1880, under which the lien in question was filed, provides as follows : " Any person who shall hereafter perform any labor or furnish any materials which have been used or are to be used in building, altering or repairing any house, building or other improvement upon lands or appurtenances to such house or building, *by virtue of any contract with the owner thereof, or his agent,* or with any contractor or sub-contractor, or any other person contracting with the owner of such lands    *    *    *    shall *    *    *    have a lien," etc.

It will be observed that under this act, in order for a person to acquire a lien, the work must be performed or the materials furnished by virtue of a contract with the owner or his agent.    This act is local and is limited to the city of Buffalo

Chapter 305 of the Laws of 1844 provided : " Any person who shall hereafter, *by virtue of any contract with the owner thereof or his agent,* or any person in pursuance of an agreement with any such contractor    *    *    *    shall    *    *    *    have a lien," etc.

The words " by virtue of any contract with the owner thereof, or his agent," are identical with those appearing in the act under consideration.    Under the former act these provisions were considered in the case of *Jones* v. *Walker* (63 N. Y., 612) in which it was held that no lien could be perfected for the reason that the work was not performed or material furnished under any contract with the owner or his agent.    The case resembles the one under consideration ; the wife was the owner of the premises ; she resided with her husband in the house ; the husband maintained the family ; it did not appear that she had any other property or income or that she assumed to pay any of the charges in respect to the premises ; the contract was made with her husband, all as in the present case.

In the case of *Cornell* v. *Barney* (94 N. Y. 394) the action was to foreclose a mechanic's lien in the city of New York.    The Statute applicable to that city provided that every person perform-

ing labor upon or furnishing materials to be used in the construction, etc., of any building, shall have a lien, etc., where done or furnished at the instance of the owner of the building or his agent. In that case it was held that no recovery could be had against the owner, for the reason that the work was not done or material furnished at his instance or that of his agent.

The language of the statute in that case is also similar to the one under consideration, and it appears to us that these authorities must be controlling upon the question. We have not overlooked the cases of *Otis* v. *Dodd* (90 N. Y. 336); *Burkitt* v. *Harper* (79 id. 273); *Husted* v. *Mathes* (77 id. 388), and kindred cases, in each of which the statute provided for a lien where the work was performed, or the material furnished with the *consent* of the owner, and for this reason they are distinguished from the case of *Jones* v. *Walker*, to which we have referred, upon the ground of the differences in the statutes under which the lien was sought to be perfected.

It is contended on the part of the respondent that the appellant had a conversation with one of the plaintiff's attorneys, just prior to the filing of the lien, in which she stated that there was enough due upon the contract with the contractor to pay the claim of the plaintiff, the sub-contractor, and that she is now estopped because of this conversation. But the estoppel, if any, would only go to the question as to the amount due upon the contract, and does not reach the question as to the right of the plaintiff to establish and maintain a lien. We are aware that this conclusion may result in a loss to the plaintiff and seem a hardship, inasmuch as her property has been benefited by the plaintiff's labor; but this reason cannot change the effect of the statute or be considered in construing the same. Contractors and sub-contractors must conform to its provisions, for they cannot be changed to meet the exigencies in individual cases. The wife who has a homestead coming to her through her mother (as in this case) may be willing, even pleased, to have her husband repair and improve the same, and yet if she has no income or resources with which she can pay for the repairs or improvements, she might not have consented or be willing that they should be made if, in order to pay for the same. she had to submit to a sale of her homestead.

The judgment should be reversed, and a new trial ordered, with costs to abide the event.

SMITH, P. J., and BRADLEY, J., concurred.

Judgment reversed, and new trial ordered. costs to abide event.