### BANNEN v. McCAHILL.

*(Supreme. Court, General Term, First Department.* February 14, 1890.)

CONTRACT—WITH HUSBAND—LIABILITY OF WIFE.

In an action for extra work and materials for a building in course of erection on defendant's lot, where the contract under which the work was done was entered into with defendant's husband, there was no evidence of any ratification thereof by defendant, or that plaintiff expended money on the faith or credit of defendant, but, on the contrary, it appeared that the credit was given to the husband, and all payments were received from him, and there was no claim but that he was entirely responsible. *Held,* that a verdict in favor of plaintiff would be set aside.

Appeal from circuit court, New York county.

Action by John Bannen against Annie L. McCahill. Verdict for plaintiff. From the judgment entered thereon defendant appeals.

Argued before VAN BRUNT, P. J., and BARTLETT and BARRETT, JJ.

*Sheldon & Brown,* (*De Witt C. Brown,* of counsel,) for appellant. *M. J. Early,* for respondent.

VAN BRUNT, P. J. This action was brought for alleged extra work and materials furnished in and about the erection of a building in the city of New York. The complaint alleges that the defendant was a married woman, possessed of a separate estate, and owner of the premises upon which the building was erected; that in April, 1888, the plaintiff and defendant made a contract in writing whereby the plaintiff agreed to do all the mason work for a certain theater building then being erected by defendant in the city of New York, after certain plans and specifications made for the same, and specifically referred to in said contract, which contract the plaintiff subsequently carried out in every respect; and that while engaged in the performance of said contract, and at divers times within certain dates mentioned, the plaintiff performed for the defendant, at her special instance and request, certain extra mason work, and furnished to her, at like request, certain extra materials for the said theater building, not provided for in said plans and specifications, and not included in or provided to be done or furnished by said contract, the reasonable value of which the defendant agreed to pay; that the defendant caused the erection of said building by Thomas J. McCahill, her agent in that behalf, and that said contract was made by the defendant through her said agent, Thomas J. McCahill, and defendant caused the performance and furnishing of said extra work and materials through said Thomas J. McCahill, her agent in that behalf. The complaint further alleged that, in accordance with the provisions of the contract, the plaintiff offered to arbitrate the question of extra work and materials, but defendant refused and neglected to accept said

offer or the provisions of the contract in that regard, and judgment is demanded for the alleged value of the extra work and materials. The defendant, by her answer, admits that she was the owner of the lot in question, but denies that at any time she entered into a contract with the plaintiff as alleged in the complaint, and denies that the plaintiff either did for her any work, or furnished to her at her request any extra materials, for the building mentioned in the complaint. The defendant further denies that she caused the erection of said building by said Thomas J. McCahill as her agent, or that the said contract was made by the defendant through her said agent, Thomas J. McCahill. She denies the allegation in respect to arbitration, and alleges payment; and that the contract in question contained a clause that none of the work done upon or about said building, and materials furnished therefor, should be considered as extra or outside said contract and specifications, unless a separate estimate in writing for the same should have been submitted by the plaintiff to the architect, and to the owner of the building, and the signatures of such architect and owner obtained thereto; and that no such estimate was ever made or submitted. Upon the trial it appeared that the defendant had signed an application to the building department for permission to make the proposed erection, in which she stated that she was the owner of the premises, and that the work proposed to be done in accordance with the plans and specifications accompanying said application upon said premises was authorized by her, and that Thomas J. McCahill was authorized by her to make application for a permit for the proposed work in her behalf. In this application the defendant further stated that no other person or persons than herself were in any manner interested in said work as owners. This application was made in February, 1883. On the 2d of April a contract under seal was entered into between Thomas J. McCahill of the first part, and John Bannen of the second part, for the doing by the plaintiff of the mason work for the theater on the land in question, in the contract said to be owned by Thomas J. McCahill, in a workman-like manner, for the price stated in said contract. The contract also contained a provision that no work should be considered as extra, unless a separate estimate in writing for the same should have been submitted to the architect and owner, and their signatures obtained thereto. In pursuance of this contract, the plaintiff did the mason work in question, and was paid by Mr. McCahill the amount specified in the contract, but he refused to pay for what the plaintiff claims in this action to be extra work. Upon the trial it was claimed that no recovery could be had, upon the ground that no contract was entered into between the plaintiff and defendant, and that whatever contract there was, was between the plaintiff and one Thomas J. McCahill; that there was no pretense that he was acting as the agent of the defendant; and that, although the defendant may have been the owner of the land, no recovery could be had, because no contractual relation existed between the plaintiff and the defendant. It was not sought to recover upon any independent agreement respecting this extra work, but because of the contractual relations which were claimed to exist between the plaintiff and the defendant, because of the contract entered into by Thomas J. McCahill with the plaintiff. The evidence shows that all the money due under this contract was paid by Thomas J. McCahill, and that he had entire control of the work in question, and that the defendant did nothing in respect thereto except to file the application with the building department.

That in the case of a sealed contract a recovery can only be had against the person executing the contract seems to be thoroughly well established in the case of *Shaefer* v. *Henkel*, 75 N. Y. 378, where it is held that where it distinctly appears from the instrument executed that the seal affixed is the seal of the person subscribing, even where it designates himself as agent, and not the seal of the principal, the former only is the real party who can maintain an action on the same; that he alone enters into the covenants, and is liable

for any failure to fulfill, and he only can prosecute the other party; and that he is named in the indenture as a party, and an action will not lie on behalf of or against a person who is not a party to the instrument, or who does not lawfully represent or occupy the place of such party; and reference is made to the case of *Briggs* v. *Partridge*, 64 N. Y. 357, in which the same principle is enunciated. In the case at bar there is no evidence whatever of any ratification of this contract upon the part of the defendant, and no evidence that the plaintiff, upon the faith or credit of the defendant, expended a dollar. All his dealings were with the defendant's husband. The credit was given to him, all payments were received from him, the contract was made by him, and the work ordered by him; and the ground upon which a recovery is sought is that the structure was erected upon the defendant's lot. There is no claim but that the husband is entirely responsible, and no pretense that this defense is resorted to for the purpose of escaping responsibility. Under these circumstances, it is impossible to see where any contractual relations arise between the plaintiff and the defendant. We are therefore of opinion that no right of action against the defendant was shown, and that the judgment must be reversed, and a new trial ordered, with costs to appellant to abide event. All concur.