Osborne, J.
Action to foreclose a mechanic’s lien on which plaintiffs had judgment, from which judgment defendants appeal. The premises in question were the separate property of the defendant, Margaret J. Walsh, and the work done on the premises, and for which the mechanic’s lien in suit was filed, was the carpenter work and material required in the erection of a stable on said premises for the use of the defendant, William Walsh.
The learned counsel for the defendants contends that plaintiffs had no contract with the defendants, but that whatever contract was made was entered into with one Ernest Dennis. We think the evidence plainly shows that the contract was with the plaintiffs. Ernest Dennis, a son of one of the plaintiffs, and a brother of the other, testifies that he acted as the agent of the plaintiffs in making the contract, and that plaintiffs did the work Ernest Dennis was an architect, and he prepared the plans and specifications and signed them “ Ernest Dennis, Architect,” thus apparently defining the nature of his connection with the work, and it clearly appears that the work was done by the plaintiffs; a check for §400 paid on account of the work was drawn by Mrs. Walsh to the order of the plaintiffs under their firm name of Benjamin J. Dennis & Son, and we regard this as strong corroboration of plaintiffs’ contention that the contract was with them, and that defendants knew it. The finding of the learned trial judge to the effect that the contract was with plaintiffs was, in our opinion, well supported by the evidence.
We are also of the opinion that there was a substantial compliance with the terms of the contract. It appears from the evidence, and is not contradicted, that, when plaintiffs had finished their work, as they claimed, one of them went with a carpenter to the premises, and there saw Mr. Walsh and offered to perform any work which Walsh desired to have done in completion of the contract; but Walsh refused, to point out or designate any work unfinished.
The learned counsel for appellants further contends that there *105 was no consent of the defendant, Mrs. Walsh, to the performance of the work so as to bind her property. We do not think that this contention can be sustained. It appears from the evidence that she lived within thirty feet of the premises in question and saw the stable in course of erection. She was present when her husband had a conversation with Ernest Dennis about building the stable, and she also, as above stated, drew her own check for $400 to the order of the plaintiffs, as a payment on account of the work. Under the law as laid down in the recent case of Schmalz v. Mead, 125 N. Y., 188 ; 34 St. Rep., 779, these facts are all sufficient to justify a finding that the work was done with her consent. The cases of Jones v. Walker, 63 N. Y., 612, and Ziegler v. Galvin, 45 Hun, 44 ; 9 St. Rep., 459, relied on by the learned counsel for the appellants, are not in point. Those cases arose under a local act relating only to the city of Buffalo, and that act contained no provision for filing a lien for work done with the consent of the owner, as in the act of 1885 under which the lien in suit was filed.
The answer of the defendants admitted that Mrs. Walsh owned the premises in question; while the notice of lien set out that both defendants owned the premises; we regard that objection as of no weight, as § 4 of the mechanic’s lien law provides that the failure to state in the notice of lien the name of the true owner shall not impair the validity of the lien.
A further point is made that the alleged findings were not properly made, and do not comply with the statute. It appears from the printed case that the learned counsel for the plaintiff submitted findings of fact and conclusions of law separately stated, and the learned trial j udge, finding them to be in accord with his decision, signed them at the foot thereof, and ádopted them as his decision. This, in our opinion, was a compliance with the provisions of § 1022 of the Code of Civil Procedure, and was equivalent to a statement of the facts found and the conclusions of law, and it also directed the judgment to be entered thereon. True, .§ 1023 provides that either party “ may submit in writing a statement of the facts which he deems established by the evidence and of the rulings upon questions of law which he desires the court to make,” and it is made the duty of the court to note in the margin the disposition of each proposition ; but that section also provides that “ an omission to do so does not affect the validity of the decision.” We fail to see how the defendants .have been injuriously affected by the failure to literally comply with the provisions of this section. The learned counsel was certainly not in any way misled, for the appeal book shows that he filed exceptions to all of the findings which were not in accord with his views, and to all the conclusions of law so signed by the learned trial judge and constituting his decision. Even if this was not a waiver of any objection to the form of the findings and conclusions submitted by plaintiff’s counsel, he should have applied to the court below for any relief which he deemed necessary to protect any rights of the defendants.
*106 We are accordingly of the opinion that the judgment should be affirmed, with costs.
Clement, Ch. J., concurs.