# SECOND DEPARTMENT

AT

# GENERAL TERM,

## May, 1895.*

87h 1
f 65 AD ¹544

ELI VALENTINE, Appellant, *v.* EDWARD APPLEBEE and ALICE B. APPLEBEE, Respondents.

*Husband and wife — agency of husband — complaint alleging acquiescence by wife.*

No presumption arises from the marriage relation that the husband is agent for the wife, and if such an agency exists it must be alleged and proved. ·

Where, in an action brought to recover for work, labor and services rendered in the construction of a house, the complaint alleges that the land upon which the house was erected was conveyed to the wife for a consideration paid by the husband ; that subsequently the plaintiff gave the husband credit for the debt in question supposing him to be the owner, and that the wife knew of the work, labor and services being rendered, but interposed no objection, no cause of action is alleged against the wife.

APPEAL by the plaintiff, Eli Valentine, from a judgment of the Supreme Court in favor of the defendant Alice B. Applebee, entered in the office of the clerk of the county of Westchester on the 12th day of January, 1895, upon the dismissal of the complaint directed by the court after a trial at Westchester Circuit before the court and a jury, with notice of an intention of bringing up for review upon such appeal an order entered in said clerk's office on the 10th day of January, 1895, dismissing the complaint as to said defendant.

*Frank L. Young* and *Frank Gardner*, for the appellant.

*William G. Valentine*, for the respondents.

* The other cases of this term will be found in volume 86 Hun.— [REP.

BROWN, P. J. :

The complaint in this action was dismissed as to the defendant Alice B. Applebee upon the ground that it did not state a cause of action against her.

The action was brought to recover the value of materials furnished and used and labor performed in the erection of a dwelling house on property of which said defendant is alleged to be the owner. The complaint alleges that the defendants are husband and wife, and that on April 2, 1892, the property on which the house was erected was conveyed to the wife for a consideration paid by the husband.

The fifth, seventh and eighth allegations of the complaint are as follows :

"*Fifth.* That at the special instance and request of the said Edward Applebee, the plaintiff sold and delivered material and furnished work, labor and service in the construction of a dwelling house on the said premises, between the first day of July, 1892, and the first day of January, 1893, and that the said material and work, labor and service were reasonably worth the sum of one hundred and seventy-three $\frac{46}{100}$ ($173.46) dollars."

"*Seventh.* That the said materials were furnished and delivered, and said work, labor and service rendered to and with the knowledge of the said Alice B. Applebee, and that all said materials were furnished, and the work, labor and service rendered, as it now appears, for the benefit of her separate estate, and that the said Alice B. Applebee interposed no objection thereto.

"*Eighth.* That at the time the said materials were furnished, and the work, labor and service rendered, the plaintiff believed that the said Edward Applebee was the owner of the said premises, and that the plaintiff received no intimation, suggestion or information from the said Alice B. Applebee or any other person that the said Edward Applebee was not the owner of the said premises."

These facts did not create a cause of action against the wife. (*Jones* v. *Walker*, 63 N. Y. 612 ; *Travis* v. *Scriba*, 12 Hun, 391 ; *Bannen* v. *McCahill*, 30 N. Y. St. Repr. 305 ; *Ainsley* v. *Mead*, 3 Lans. 116.)

The agency of the husband cannot be presumed ; it must be alleged and proved. While agency may be implied from facts

alleged, the allegations in the complaint do not permit such implication in the case before us. The only fact upon which agency is claimed is the relation of the parties. This is not sufficient. The debt was contracted by the husband, and the plaintiff gave him credit believing he was the owner. The wife is not alleged to have given any authority to the husband whatever in the premises, and so far as the allegations of the complaint show the contract was the husband's alone. The case cannot be considered, therefore, as one of an undisclosed principal. While the fact may be that the husband was the wife's agent we must affirm the judgment because that fact is not made to appear. If such was the fact, instead of permitting judgment to go against him and appealing, the plaintiff should have applied for leave to amend his complaint.

The judgment must be affirmed, with costs.

CULLEN and DYKMAN, JJ., concurred.

Judgment affirmed, with costs.