ROBERT HELMER, Respondent, *v.* RILLA BROCKERT, Impleaded, etc., Appellant.

(County Court, Oneida County, October, 1897.)

1. **Husband and wife — Husband as agent.**

Where an attempt is made to charge the separate estate of a wife by the acts of her husband as her agent, there must be some proof of agency.

2. Same — Insufficient proof.

Proof that a husband, who, alone, had for many years been raising crops upon his wife's lands and selling so much of them as were not devoted to family use, purchased of the party bringing the action, a fertilizer, in which purchase the wife was not concerned and which was not charged to her, is insufficient to charge her separate estate with the price, notwithstanding the fact that the husband used the fertilizer in working the lands of the wife.

THIS is an appeal from a judgment rendered by the justice of the peace of the town of Boonville, N. Y., upon the verdict of a jury for $25.25 damages and costs.

H. R. Hadley, for appellant.

Walter Ballou, for respondent.

DUNMORE, J. This action was brought to recover for fertilizer purchased by appellant's husband from plaintiff to be used upon the farm which appellant owned and which she and her husband occupied. There is no evidence that appellant was cultivating the land in question or carrying on the business of farming. Her husband testified that for fifteen years he had raised crops of some kind upon this farm and sold and disposed of them on his own account, excepting such as were not consumed in the family. This evidence was not disputed. There is no evidence that appellant had purchased the fertilizer or promised to pay for it. Plaintiff testified that the only time he saw appellant was when he went to notify her husband that the car of fertilizer had come; and that upon that occasion he told her that he had come to let her husband know that the fertilizer had arrived and asked where he was. She replied that he was out at the barn plowing. Plaintiff then went out there and told him, and he went and got the fertilizer. There is no evidence that appellant had anything to do with it. Plaintiff testified that he did not think he charged the fertilizer to the wife, but the inference is imperative that he did charge it to the husband. The burden of proof was upon plaintiff to establish by evidence appellant's liability. Plaintiff contends that the fertilizer was used for the benefit of appellant's separate estate and business both, and that within the authority of Holden v. Kutscher, 17 Misc. Rep. 540, and Boynton v. Squires, 85 Hun, 128, appellant is liable. In the former case lumber was sold to be

used in building a house upon a lot owned by the wife. The wife was present when the lumber was delivered and said she was glad they had come and brought the lumber so that they could finish off the house. Her husband when asking for the credit represented that he and his wife owned the lot. In that case the building of the house was making a permanent and valuable improvement to the wife's property. The court held that it was a very close question as to whether the wife was liable; but upheld a judgment against her upon the ground that the evidence would sustain a finding that the husband purchased the lumber as his wife's agent. The latter case was an action brought for paint and oils ordered by the husband to be used in painting the wife's buildings, with her knowledge and consent. That was also for the benefit of the wife's separate estate. But in the case at bar the fertilizer was for the benefit of the growing crops, and as she was not carrying on the farm it cannot be said that it was for the benefit of her separate estate. I think the case of Jones v. Walker, 63 N. Y. 612, is an authority so directly in point as to be conclusive in this case. In that case it was held that the relation of husband and wife, and the knowledge of the wife that the work was in progress, and that she did not object were insufficient to charge the wife or establish agency. There must be some evidence of agency. It is not claimed that there was any such evidence in this case. We are, therefore, forced to the conclusion that as to the wife, the plaintiff should have been nonsuited. The judgment must, therefore, be reversed, with costs.

Judgment reversed, with costs.