SNYDER et al. v. SLOANE.

(Supreme Court, Appellate Division, Second Department. November 15, 1901.)

1. HUSBAND AND WIFE—AGENCY—IMPROVEMENT OF HER PROPERTY.

Where materials for building on a wife's lot are sold and charged to her husband, who was also building on his own lots, evidence that she knew the building was being constructed, and that it was hers, and had once seen her husband order lumber of plaintiffs for one of his houses, does not establish her liability as an undisclosed principal, or that her husband acted as her agent in making the purchases.

2. SAME—TESTIMONY OF HUSBAND—COMPETENCY.

In an action against a wife to recover for materials sold and charged to her husband and used in a building on her lot, it is error to exclude the question asked him by defendant whether she ever requested him or told him to purchase from the plaintiffs any of such materials.

Appeal from judgment on report of referee.

Action by William J. Snyder and others against Cora E. Sloane. From a judgment for plaintiffs, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

William Allaire Shortt, for appellant.

Calvin D. Van Name, for respondents.

JENKS, J. This is an appeal from a judgment entered upon the report of a referee in favor of the plaintiffs in their action for goods sold and delivered. One of the plaintiffs, in so many words, testifies:

"The defendant never paid any money on account of the materials furnished to any house delivered on the lot owned by her, and she never ordered from us, or requested us to send any materials to any building which was being erected on any lot owned by her. I never sent her a bill for materials furnished to any building which was erected on the lot owned by her, nor did any of my firm. All our transactions with reference to the building materials were had with Mr. Sloane individually and with Mr. Conklin [the builder]."

Indeed, at the outset, the theory of the plaintiff, as put by his counsel, was this:

"We propose to establish the agency of William A. Sloane, and his authority to order these goods, and to connect the defendant with this transaction."

I find no evidence that Sloane was the declared agent of the defendant. On the other hand, there is testimony that the account was sent to the husband before it was ever sent to the wife, and that the material was charged to him, with the name of the house written after his name, and that this was done to distinguish it from the other houses; i. e. a memorandum of the place of delivery, as plaintiff was "supplying" him (Sloane) at other houses at the same time. I think that the testimony is not sufficient to hold the defendant as an undisclosed principal. The relation of the parties does not establish agency (Valentine v. Applebee, 87 Hun, 1, 33 N. Y. Supp. 762); indeed, it would seem rather to require stricter proof of the claim (Hoffman v. Treadwell, 2 Thomp. & C. 57). In Jones

v. Walker, 63 N. Y. 612, it was held, where land was owned by the
wife, that evidence of the relationship and the fact that the defend-
.ant knew that the work was in progress, and did not object, was
not sufficient to establish agency, but that there must be some evi-
dence that in the husband's dealing he acted as agent, and not as
principal, and that his contract was for the wife, upon her credit,
and with her consent and knowledge that her credit was pledged,
and that she is understood to be the contracting party. See, too,
Corning v. Lewis, 54 Barb. 51. A husband is not prohibited from
improving the lands of his wife upon his own credit, or with his
own money; indeed, the relationship would afford just reason for
her belief that he is conferring a benefit upon his own charge. 2
Bish. Mar. Wom. § 397; Ainsley v. Mead, 3 Lans. 116, 123; Ban-
nen v. McCahill (Sup.) 8 N. Y. Supp. 916. These principles apply
to the testimony of the plaintiffs that the defendant owned the land,
and knew that the houses were building; that at the same time
the defendant had heard her husband say that the house was to be
hers; that she had said to a third party that a room in it was her
room, or "our room"; and that the defendant sat in her husband's
carriage on an occasion when he ordered some material "for one
of the other houses." There was no sufficient evidence of any rati-
fication, and I think that the decision of the referee is so counter to
the weight of evidence as to require a new trial.

It was error to exclude, under the general objection, the defend-
ant's question to William A. Sloane, the husband, called by the de-
fendant, whether the defendant ever requested him or told him to
purchase from the plaintiffs any of the materials to be used in the
erection of either of the houses.

The judgment must be reversed, the order of reference vacated,
and a new trial granted; costs to abide the event. All concur.