STONE v. CRONIN.

(Supreme Court, Appellate Division, Second Department. May 29, 1902.)

1. EVIDENCE—BOOK OF ACCOUNTS.

The testimony of several witnesses that they settled bills rendered to them, and plaintiff's testimony that such bills were correct copies of the books, is not a compliance with the rule that the party shall prove by those who have dealt and settled with him that he keeps fair and honest accounts before his books are admissible in evidence.

2. SAME—SALES—AGENCY.

Where, in an action for goods sold, there was no evidence that defendant personally ordered or promised to pay for any of the goods, but there was evidence that her daughter had ordered some goods, which were delivered, it was error to exclude a question, asked the daughter, whether her mother ever requested, instructed, or directed her to order any goods of plaintiff.

Appeal from special term, Richmond county.

Action by Medad E. Stone, as administrator of the estate of Leverett Stone, against Bridget Cronin, individually and as administratrix of the estate of Michael Cronin. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed.

Argued before GOODRICH, P. J., and BARTLETT, JENKS, WOODWARD, and HIRSCHBERG, JJ.

W. J. Powers, for appellant.
John G. Clark, for respondent.

JENKS, J.   I think that the plaintiff did not meet the rule of Vos-
burgh v. Thayer, 12 Johns. 461, and Smith v. Smith, 163 N. Y. 168,
57 N. E. 300, and that, therefore, the admission of the books was
erroneous.   The several witnesses testify that they settled bills ren-
dered to them, which the plaintiff testifies were correct copies of the
books, but none of the witnesses testifies that he settled his account by
the books.   In McGoldrick v. Traphagen, 88 N. Y. 334, "several
witnesses testified that they had settled their accounts with the re-
spondent, and found them honest. and correct, but had never seen
the books," and the court, per Miller, J., say:

"The bills settled, which were proved to have been copied from the books,
were introduced in evidence, and the respondent's bookkeepers testified that
they were copied correctly from the books.   One of them also swore that he
had settled his own accounts with the respondent by his books, and to the
best of his knowledge he kept honest books, and that he never heard any-
thing to the contrary.   Although the evidence of those who had settled from
copies from the books which were produced does not strictly comply with
the rule stated as to this portion of the proof, the evidence of the book-
keeper who settled his accounts by the books supplied this defect, and he
testified to all that was required within the authorities.   The rule in regard
to this subject is that the party shall prove by those who have dealt and
settled with him that he keeps fair and honest accounts.   Vosburgh v.
Thayer, 12 Johns. 461."

The plaintiff consented to the dismissal of the cause of action against
the defendant as administratrix.   The plaintiff failed to prove that the
defendant personally ordered any of the goods or that she ever prom-
ised to pay therefor.   There was testimony that an employé of the
plaintiff did deliver some chicken corn at the house of the defendant,
and as to this item the defendant testified that, although she never or-
dered it, her daughter did, and it was delivered.   It appears that the
conduct of the business was entirely in the hands of the daughter of
the defendant, and that the plaintiff saw her on two occasions.   The
learned court refused, under exception, to permit the daughter to be
asked:   "Did your mother, the defendant in this action, ever request,
instruct, or direct you to order any goods of any kind from Mr. Stone
during his life?"   This, I think, was error.   Snyder v. Sloane, 65 App.
Div. 543, 72 N. Y. Supp. 981.

The judgment and order should be reversed, and a new trial granted,
costs to abide the event.   All concur, HIRSCHBERG, J., in result.