(97 App. Div. 107.)

### DILLON v. MANDELBAUM.

(Supreme Court, Appellate Division, Second Department. July 28, 1904.)

1. SALES TO HUSBAND—LIABILITY OF WIFE—AGENCY.

Where plaintiff sold certain goods to defendant's husband for use in the family of which he was head, and made no claim therefor against defendant until after a judgment recovered against her husband was found to be uncollectible, and there was no evidence that the husband, in such dealings, or in his dealings generally affecting his home, the title to which was in his wife, acted as her agent, or that she assumed to be the principal, defendant was not liable therefor.

Appeal from Municipal Court, Borough of Brooklyn, First District.

Action by Alexander Dillon against Rose Mandelbaum. From a judgment in favor of plaintiff, defendant appeals. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Reuben Stone, for appellant.
Frederick W. Sparks, for respondent.

WOODWARD, J. The plaintiff in this action sold and delivered to Dr. Mandelbaum in December, 1903, certain goods and merchandise, of the value of $28.95. An action was subsequently brought in the Municipal Court to recover the amount of this bill, resulting in a judgment in favor of the plaintiff, and upon the trial of this action a satisfaction of this judgment was offered and received in evidence. It is in evidence, however, that the amount of the recovery has not been paid, and there is a suggestion in the record that in proceedings supplementary it was developed that Dr. Mandelbaum was without property. Having failed to recover of Dr. Mandelbaum, the plaintiff took a different view of the matter, bringing the action against the defendant, Dr. Mandelbaum's wife, evidently upon the theory that, as the wife owned the premises on which the goods were delivered, the goods being used to make certain improvements in the same, the doctor was her agent, she being an undisclosed principal. Upon the trial the learned court below directed a verdict for the full amount of the claim, with costs, the defendant appealing.

¶ 1. See Husband and Wife, vol. 26, Cent. Dig. § 586.

We fail to find any evidence in this case that Dr. Mandelbaum was the agent of the defendant. There was no suggestion that the plaintiff knew the defendant, or that the goods were sold and delivered to her or at her request; and the fact that the plaintiff originally brought his action against the defendant's husband, without any intimation that he had sold the goods to any one else, indicates that the credit was given to Dr. Mandelbaum, the head of the family. The husband, so far as appeared, maintained the family. It does not appear that the defendant has any other property than the house where the goods were delivered, or any income or resources from which to keep the building in repair, or that she assumed to pay any of the charges upon or in respect to the premises. So far as the evidence discloses, for all of the purposes of occupancy and enjoyment, as well as keeping in repair, the husband treated the house as his own. In all of his transactions and dealings in respect to the premises, he does not appear to have professed to act for his wife, nor is there the slightest evidence that she assumed to be the principal; but all was done in his name as principal, not as agent, and the plaintiff treated the transaction as one between himself and Dr. Mandelbaum until after he discovered that he could not collect the account, when he undertook to collect the same of this defendant. We think the facts fail to establish agency on the part of defendant's husband. See Jones v. Walker, 63 N. Y. 612; Snyder v. Sloane, 65 App. Div. 543, 544, 72 N. Y. Supp. 981, and authorities there cited.

The judgment appealed from should be reversed, with costs. All concur.