## Riland, Appellant, v. Schaeffer.

*Husband and wife—Contract—Debt of husband—Surety—Act of April 26, 1855, P. L. 308.*

Where a husband operates his wife's farm independently of his wife, and purchases phosphate on his own credit for use on the farm, and gives his own personal note therefor, the wife cannot be held for the debt; and if it appears that at the time the note was given she promised to pay it if her husband died, she cannot be held liable after the death of her husband, as the contract was one of suretyship prohibited by the Act of April 26, 1855, P. L. 308.

Argued Dec. 8, 1910. Appeal, No. 162, Oct. T., 1910, by plaintiff, from order of C. P. Schuylkill Co., Nov. T., 1908, No. 270, refusing to take off nonsuit in case of William H. Riland v. Catharine Schaeffer. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Affirmed.

Appeal from judgment of justice of the peace. Before BROOM, J.

The opinion of the Superior Court states the case.

At the trial the court entered a nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*W. F. Shepherd,* with him *Wm. M. Fausset,* for appellant.

*I. A. Reed,* for appellee.

OPINION BY ORLADY, J., March 3, 1911:

The appellant recognized the importance of showing that, either the debt for which he sued was originally contracted by the husband as the agent of the wife, or that she subsequently ratified his act and promised to pay it as her very own. The evidence fails to sustain either contention. While the wife owned the farm the husband operated it, and the plaintiff's own testimony shows that for several years prior to the inception of this debt, he had dealt with the husband as a principal and not as an agent of any person. For a number of preceding years, fertilizer was sold to the husband, delivered to him and he paid for it; in this particular instance the proceeding was the same so far as the original transaction was concerned; the contract was made with the husband and his personal note taken for its payment, without suggestion from the writing that any other person was concerned with it. The demand for its payment was made upon the administrator of the husband's estate as a personal liability. The fact that the fertilizer was used on a farm owned by the wife does not change the degree of proof necessary to bind her. It may furnish a moral consideration; as a duty subsisting in conscience, natural justice and morality, but it is not, as such, enforcible in law, and can become the basis of a legal obligation only through an express agreement. She was no more primarily liable for this phosphate than if she had been the landlord and her husband the tenant. The evidence fails wholly to show that the debt was originally contracted by or for her, and gains no added strength as to the second proposition.

The claim was for $73.00. The plaintiff testified that when the husband signed the note with his own name, the wife was present and the husband stated, "he had made an agreement with his wife that I was to be paid." "My wife will pay for it." And the wife stated, "I will pay for it; in case he dies, I will pay it, I will pay the note." "That was all that was said." The plaintiff did not ask her to sign the note and he was content to accept it with

the personal signature of the husband; without more the debt was unquestionably that of the husband, both by the past course of dealing and the particular facts of this case. The old debt remained, and the alleged verbal promise of the wife, was not an original undertaking, so that, as a cause of action, it is within the prohibition of the statute of April 26, 1855, P. L. 308: Shoemaker v. King, 40 Pa. 107; Nugent v. Wolfe, 111 Pa. 471; Bailey v. Marshall, 174 Pa. 602. The phosphate was sold and delivered to the husband in October, 1904. The husband died in April, 1905. The leading object of the alleged promise or agreement was to have the widow become surety for the debt of the husband. Had his estate been solvent there would be no question of its liability for this claim, as evidenced by his note, held by this plaintiff, and such an agreement "whether made before or after or at the time with the promise with the principal, is within the statute, and not binding unless evidenced by writing." Furthermore, the plaintiff elected to call the widow as if under cross-examination and she unequivocally denied making any such promise.

This action was not begun until September, 1908, and she could not be said, at that late a date, to have any beneficial interest in the contract of October, 1904. The whole purpose of the suit was to make her personally liable for the debt of her husband, and there being no question of fact in controversy, it sufficiently appeared, that there was no consideration for the promise sued upon, and there was no question for the jury, and the learned judge was right in entering a judgment of nonsuit: Paxson v. Nields, 137 Pa. 385.

The judgment is affirmed.