## MEEKS *v.* INDIANA LUMBER COMPANY ET AL.

[No. 8,300. Filed July 1, 1914.]

1. HUSBAND AND WIFE.—*Liability of Wife for Debt of Husband.—Evidence.*—In an action against the wife for the purchase price of lumber which was largely used in the improvement of her real estate, evidence that plaintiff knew the parties for a number of years and knew that both husband and wife were separately the owners of land, that the husband often purchased material from the plaintiff, that he purchased the lumber involved in the suit, that no representations were made, that the account was charged to him on the company's books, that a note signed by him alone was taken by the plaintiff, and that not until after his failure to pay did plaintiff approach the wife on the subject, was insufficient

to establish any liability against her, since the only reasonable inference is that credit was extended to the husband. pp. 606, 608.

2. HUSBAND AND WIFE.—*Liability of Wife for Debt of Husband.*— If a husband on his own credit purchases and uses material in the improvement of his wife's real estate, she is not liable. p. 608.

3. APPEAL.—*Review.—Evidence.—Considerations in Aid of Judgment.—Failure of Defendant to Testify.*—Where there is a total failure of evidence on some material issue or proposition, the fact that defendant failed to testify can not be considered in aid of judgment. p. 610.

From Cass Circuit Court; *John S. Lairy,* Judge.

Action by the Indiana Lumber Company against Alice A. Meeks and another. From a judgment for plaintiff, the defendant named appeals. *Reversed.*

*Rabb & Mahoney* and *Blacklidge, Wolf & Barnes,* for appellant.

*B. B. Richards* and *Long, Yarlott & Souder,* for appellee.

FELT, C. J.—This suit was originally brought against Alice A. Meeks and Samuel Meeks her husband on a promissory note signed only by Samuel Meeks. To the original complaint a demurrer was filed by appellant on the ground of insufficiency of facts to state a cause of action against her. This demurrer was sustained and appellee, lumber company, thereupon filed a second paragraph of complaint against both parties on the account for which the note first sued upon was given. Samuel Meeks was defaulted, and the first paragraph of complaint was dismissed before the trial. Alice A. Meeks demurred to the second paragraph of complaint and her demurrer was overruled. She thereupon filed answer in general denial, and a plea of payment to which the lumber company filed a reply in general denial. Trial by the court resulted in a judgment against appellant, Alice A. Meeks for $205.12 and against Samuel Meeks for $16.95, which in the aggregate equals the amount of the account sued upon.

Appellant filed a motion for a new trial which was over-

ruled and this ruling of the court is the error assigned and relied on for reversal. The grounds for a new trial that are presented by the briefs are that the decision of the court is not sustained by sufficient evidence and is contrary to law.

There is evidence to show that Alice A. and Samuel Meeks were husband and wife. That she owned two farms near Galveston, Indiana, and Samuel Meeks at the time of the sales in controversy, owned a farm of fifty acres in the same vicinity; that Samuel Meeks managed all of said farms, sold the grain and other produce therefrom, kept a bank account and deposited the proceeds from such farms in his own name; that he paid the bills and expenses incurred in the management and improvement of said farms and the living expenses of the family; that L. L. McDonald was the agent of the Galveston Lumber Company at Galveston, Indiana, and had known Alice A. and Samuel Meeks for twenty-five years, knew of the land they owned and the manner in which the business connected with said farms was conducted; that McDonald had been the agent of said lumber company at Galveston for about eight years and prior to the transaction involved in this controversy had sold many bills of material to Samuel Meeks who had paid him therefor; that said sales included material for a house built on one of the farms of Alice A. Meeks; that all the material included in the account sued upon was ordered by Samuel Meeks and charged to him on the books of the company as were all previous bills bought by him; that no bill was at any time charged to Alice Meeks and no memorandum or account was kept in her name; that said McDonald never had any conversation with appellant in regard to any of the materials ordered by Samuel Meeks or on any subject relating to such sales; that the material included in the account was hauled away from the mill by Samuel Meeks and farm hands in his employ and said manager did not at the time know or inquire where any of the material was

to be used; that most of the material was used on the buildings and farms of appellant and part of it was used to roof the house on the farm where appellant and her family lived; that Samuel Meeks was given notice to pay the account and some time after it was due he gave his individual note for the amount thereof payable to the Galveston Lumber Company which note was accepted and transferred by the payee, by indorsement, to appellee, lumber company, which note was the note upon which suit was first brought as aforesaid; that when the note was taken Samuel Meeks was given credit for the amount of the account in the sum of $222.07; that the note was deposited in a bank by appellee company as collateral security and when not paid was taken up by it; that demand was thereafter made on Samuel Meeks to pay the note and after some considerable delay he arranged to pay the same in monthly installments but failed so to do; that after the note was taken from the bank said McDonald went to the home of appellant and told her that he held a note given by her husband for material used on the farm and he had failed to pay it and he would like to have it settled and asked her if she would settle it and she replied that she would not; that he then asked her where Sam was and she told him, at the barn. The agent Mc Donald also testified that before the note was given, Sam said to him "that account has run a long time, * * * it seems we have so much bad luck, * * * I would like to pay you a little interest on it until harvest time"; that he then told him it would be all right and on the next day Sam came to the mill and executed the note.

The note was a negotiable instrument payable at a bank in this State, and at the close of plaintiff's evidence it offered to surrender the note to defendants. Neither appellant nor her husband testified at the trial.

Appellant contends that there is no evidence tending to prove that Samuel Meeks was her agent in the purchase of material charged in the account; that credit was ex-

tended to Samuel Meeks and not to her and the account was paid when the lumber company accepted the note of Samuel Meeks; that there is no proof of ratification on her part. If the credit was extended to Samuel Meeks personally in the first instance the questions of agency, payment and ratification are not material to our decision. There is no question here of an undisclosed principal for the agent who sold the material testified that he had known the parties for years and was acquainted with their circumstances and manner of doing business, and this evidence is undisputed. 31 Cyc. 1564-1567. None of the real estate is shown to have been owned by appellant and her husband jointly. Each owned separate tracts and was competent to make contracts for material and improvements either in person or by agent.

If a husband on his own credit purchases and uses material in the improvement of his wife's real estate, in the absence of other evidence to bind the wife, the liability for material so purchased and used is against the husband and not against the wife. *Ogden* v. *Kelsey* (1892), 4 Ind. App. 299, 302, 30 N. E. 922; *Clark* v. *Huey* (1895), 12 Ind. App. 224, 238, 40 N. E. 152; *Capp* v. *Stewart* (1872), 38 Ind. 479, 482; *Lane* v. *Taylor* (1872), 40 Ind. 495, 501. In this case if the evidence shows without dispute that credit was extended to Samuel Meeks for the material included in the account sued upon, appellant can not be held liable because she is his wife and the major portion of the material was used for the improvement of her real estate. The evidence does not disclose any inquiry on the part of the seller, or any statement on the part of the purchaser, with reference to Alice A. Meeks or her property or with reference to the farm upon which the materials were to be used. The evidence, without dispute, shows that in this and prior transactions with the lumber company, Samuel Meeks without question, inquiry or explanation, simply ordered material, hauled it

away, and the bills therefor were charged to him on the books of the company and he was called upon for payment.

The facts and circumstances shown by the evidence prior to and at the time of the sale of the material included in the account sued upon, all show that said material was sold to Samuel Meeks individually and that the Galveston Lumber Company looked to him for payment. The facts and circumstances shown by the evidence after the sale and up to the time of the institution of this suit are subject to no other reasonable inference than that credit was extended to Samuel Meeks. The account was charged to him. He was requested to pay it, and after many delays his negotiable promissory note was accepted and credit for the amount of the account was given him on the books of the company. The note was indorsed to the Indiana Lumber Company and used by it as collateral security. When not paid by the maker at maturity the note was taken up and Samuel Meeks was again called upon for payment. After further delay, the company entered into an arrangement with him by which he agreed to pay the note in monthly installments, and appellant was never spoken to on the subject until it was apparent that Samuel Meeks could not or would not pay the debt. All the facts and circumstances show conclusively that credit was extended to Samuel Meeks alone and the evidence is not open to any reasonable inference that shows a liability against appellant on any of the theories suggested. In support of this conclusion we cite the following decisions: *Jones* v. *Walker* (1875), 63 N. Y. 612; *Dillon* v. *Mandelbaum* (1904), 97 App. Div. 107, 89 N. Y. Supp. 646; *Riland* v. *Schaeffer* (1911), 45 Pa. Super. Ct. 636; *Cate* v. *Rollins* (1899), 69 N. H. 426, 43 Atl. 122; *Helmer* v. *Brockert* (1897), 48 N. Y. Supp. 255, 21 Misc. 431.

There seems to be a strong equitable basis for the judgment rendered, but this is not a suit in equity and the law

does not sustain the finding and judgment on the facts presented by the record.    Where there is a total failure

3.  of evidence on some material issue or proposition the fact that the defendant failed to testify can not be considered in aid of the judgment.

The judgment is reversed with instructions to sustain appellant's motion for a new trial.

NOTE.—Reported in 105 N. E. 947.  See, also, under (1) 21 Cyc. 1571;  (2) 21 Cyc. 1441;  (3) 16 Cyc. 1064.