## SUPREME COURT.

HENRY MATTICE agt. CHARLES W. LILLIE and CECELIA
LILLIE.

Where the *husband* purchased *lumber* for the building of a house on real estate
which he *falsely represented* belonged to him, and on the *credit* of owning such
property, when in fact the real estate at that time, and the house afterwards
erected upon it with such lumber, belonged to *his wife*, and the house was built
with her knowledge and approbation,—

*Held,* in an action in equity by the plaintiff against the *husband and wife* for the
price of such lumber, that the facts thus established created an *equitable lien* in
favor of the plaintiff *upon the real estate,* and it was thus decreed.

*Albany General Term,* March, 1862.

HOGEBOOM, PECKHAM and MILLER, *Justices.*

APPEAL by defendants from judgment at the circuit
in favor of the plaintiff.

L. TREMAIN, *for plaintiff, respondent.*
H. SMITH, *for defendants, appellants.*

By the court, HOGEBOOM, Justice. This is an equity
suit, evidently designed, from the form of the complaint,
to charge the real estate owned by the female defendant
with the value of the plaintiff's lumber which went into
the construction of the house upon it, upon the ground
that the estate has had the benefit of the consideration
thus furnished; that it was furnished for the express
purpose of being so applied, and essentially upon the
credit of such estate, being sold to the defendant, Charles
Lillie, upon the faith of his assurance that he was the

Mattice agt. Lillie.

owner of the real property, and thus fraudulently procured from the plaintiff, and applied with the knowledge and consent of both of the defendants. These are substantially the allegations in the complaint, and, if sustained by the evidence, make a case I think where the plaintiff is entitled to recover. (*Yale* agt. *Dederer*, 18 *N. Y.*, 280; *S. C.*, 22 *N. Y.*, 450; *Colvin* agt. *Currier*, 22 *Barb.*, 371, 385.)

The judge who tried this cause at the circuit has not expressly found *all* of these facts, although I think they are, on the whole, inferable from the evidence, and perhaps has found some facts—some of which it might perhaps be claimed, with some plausibility, were not clearly deducible from the evidence—though I do not mean to say that the finding was on the whole erroneous.

Certain facts are I think sufficiently apparent, and among others the following:

1. That the plaintiff's lumber went into the construction of the defendants' house; and that this was with the knowledge and consent and *intent* of both the defendants. I think it also fairly inferable that this knowledge, consent and intent existed at the time the lumber was purchased; and that it was purchased for that express object. The female defendant has therefore had the benefit of the consideration, arising from the sale of the plaintiff's lumber; and there is nothing *inequitable* in compelling the property, thus *created in part* by the plaintiff's goods, to be answerable for his claim to the extent of their value.

2. It is not entirely clear that the wife authorized the misrepresentation of the husband, that he owned the real estate, although it would not be a very forced construction of the evidence to deduce such an inference from the facts proved. But it is sufficiently clear that he made such representation; that it was false and fraudulent on his part; that on the faith of it the lumber was sold;

that the wife knew of its appropriation for her benefit; that she did not repudiate or refuse the benefit of such appropriation; that she was aware, or at least supposed, that the plaintiff sold the lumber in the belief that the husband owned the house; that she took no pains to correct that impression; but recognizing the force of the equitable considerations which, under such circumstances, entitled the plaintiff to compensation, promised to make some provision for his benefit.

3. I am inclined to think the facts thus established create an equitable lien in favor of the plaintiff upon the real estate in question, and justify the decree which the court below made in the premises. The only defect in the findings of the judge, (if there be any,) to come fully up to the case made by the complaint, (which on a former hearing was adjudged sufficient,) is the absence of any finding that the defendants contemplated a *fraud* when the lumber was purchased. As I have before stated, I think the evidence justifies the inference of an *intent to defraud* on the part of the husband, and perhaps so also on the part of the wife. Although I do not deem the latter fact absolutely indispensable to the maintenance of the action, if she, with knowledge of the circumstances under which the lumber was obtained, chose to appropriate to her benefit the fruits of his fraud or misrepresentation, she thereby adopted his acts, and must be held responsible for them to the extent that she has been benefited by them.

The case presents strong equities on the part of the plaintiff, and I think no injustice will be done by affirming the judgment of the court below.

Some of the findings excepted to may not be borne out by the proof to the very letter, but it by no means follows that for that reason, in a case in equity, that a new trial should be granted. There appears to be no *direct* proof that the wife was in humble circumstances, nor that

*both* husband and wife kept a candy and variety store. The defendants (in addition to the general question arising upon the merits of the whole case) rely mainly upon the exception to the judge's refusal to find that the lumber was sold to the defendant, Charles W., upon *his sole credit, without any other security or assurance than the said Charles W.'s promise to pay for the same.* I think the judge was warranted by the evidence in refusing so to find. The lumber was not sold upon the *sole credit* of Charles W. Lillie, but in part, at least, upon the credit of the real estate; nor was it sold without other security or *assurance* than his promise to pay for the same. On the contrary, it was sold upon the assurance that *he owned the real estate,* and it was doubtless in reliance upon that representation that the sale was made and the credit given.

On the whole, I discover no sound reason for disturbing the judgment at the circuit, and I think it should be affirmed with costs.