Martin McIntosh, Appellant, *v.* The Rector, Church-
wardens and Vestrymen of St. Philip's Church in the
City of New York, Respondents.

A lease for a term of years contained covenants on the part of the lessees
to erect on the premises, within a time named, a dwelling-house as speci-
fied; and not to assign without the consent of the lessors. In case of
the performance of these covenants the lessor covenanted that it would
at the end of the term, at its option, either grant a renewal of the lease
or pay the just and fair value "of any dwelling-house which may then
be standing on the demised premises." Subsequently the parties entered
into an agreement whereby the lessor for a valuable consideration released
the lessees, their heirs and assigns from their said covenants, and assented
to an assignment of the lease to plaintiff. It was declared therein "that
said lease shall in all its parts be acted upon by the respective parties
as though said covenant to build had not been made," and that the
release was given to exonerate the lessees, "their heirs and assigns from
all obligation growing or arising out of" said covenant. The lease was
thereupon assigned to plaintiff, who erected upon the premises, without
the lessor's consent, a building used as a carriage factory; plaintiff also
assigned the lease for part of the term, and the building was sublet
from year to year without such consent. In an action to compel specific
performance by the lessor of the covenant to renew or pay for the build-
ing, *held*, that in order to obtain the benefit of the covenant, the lessee was
bound to erect such a building as was specified in the lease, and as the
one erected was not of that kind, its erection was a mere voluntary act
which gave to plaintiff no right to the performance of the covenant; also
that the fact the lessor received rent after knowledge of the erection of
the factory, did not constitute a waiver of the covenants of the lessees
which formed the consideration for those of the lessors; and that, there-
fore, the action was not maintainable.
*Smith* v. *Rector, etc.* (107 N. Y. 610), distinguished.
Reported below, 22 J. & S. 291.

(Argued February 25, 1890; decided March 18, 1890.)

Appeal from judgment of the General Term of the Superior
Court of the city of New York, entered upon an order made
March 14, 1887, which affirmed a judgment in favor of
defendant entered upon a decision of the court on trial at
Special Term.

The action was brought to enforce specific performance on the part of the defendant of certain covenants in a lease executed by it to Robert and David Magill. On January 11, 1864, the defendant leased to said Magills a lot of land on Thirtieth street in New York city, for the term of twenty years and three months.

The lessees covenanted therein to erect on the premises within seven years, a good and substantial brick dwelling-house of at least four stories in height above the basement, and in default of the erection of said dwelling-house, the lease and the estate thereby granted should thenceforth cease and be void. Said lessees further agreed not to assign said lease or sublet all or any part of said premises without the consent of the lessor to be first obtained in writing and under seal.

The lease contained the further provision " that if the said parties of the second part * * * shall erect and build * * * on the premises hereby demised, such dwelling-house as is above described * * * so that such dwelling-house shall be standing on the said premises at the end and expiration of the said term, and shall faithfully perform all the other covenants and agreements on their part to be performed, the said parties of the first part * * * will at such end and expiration of said term, at their option, either grant unto said parties of the second part * * * a new lease of the said premises hereby demised for a further term of twenty years * * * or will pay to said parties of the second part the just and fair value of any dwelling-house which may then be standing on the demised premises."

Provision was made for fixing the rent reserved in the new lease, and for ascertaining the value of the dwelling-house.

On November 18, 1868, the defendant and the lessees entered into an agreement whereby, after reciting the covenant to erect the dwelling-house and the covenants against assigning and subletting, in consideration of the payment of $500 the defendant released and discharged the lessees, their heirs and assigns " of and from the said covenants and agree-

ments to erect and build in said lease," and consented to the assignment of said lease to the plaintiff. It was further provided in said agreement as follows: " Said lease shall in all its parts be acted upon by the respective parties as though such covenant to build had not been made and inserted therein, and all other parts of said lease shall be interpreted accordingly; this release being given to exonerate· the said Robert and David Magill, and their heirs and assigns of and from all obligation growing or arising out of the said obligation in said lease contained."

The lease·was thereupon assigned to the plaintiff, who soon thereafter erected on the premises a four-story brick building which was used as a carriage factory.

The building was standing on the demised premises at the end of the term.

*Jacob F. Miller* for appellant. The release executed to the Messrs. Magill exonerated them from the obligation to build a house on the demised premises, but permitted them to do it. If the building were erected, the obligation on the part of the defendant to pay therefor or grant a new lease continued. (*Smith* v. *Rector, etc.*, 107 N. Y. 610.) The release so executed was accompanied by and conditioned upon a parol agreement to allow a factory to be erected in place of a dwelling, and an obligation on the part of the defendant to pay for the building at the end of the term or make a new lease. (*Morgan* v. *Griffiths*, L. R. [6 Exch.] 70; *Erskine* v. *Adeane*, L. R. [8 Ch. App.] 756; *Juillord* v. *Chaffee*, 92 N. Y. 535; *Johnson* v. *Oppenheim*, 55 id. 280; *Jones* v. *Jones*, 18 Hun, 438; *Pym* v. *Campbell*, 6 Ell. & B. 370; *Wallis* v. *Littell*, 11 C. B. [N. S.] 369; *Lindley* v. *Lacey*, 17 id. 578; *Angell* v. *Duke*, L. R. [10 Q. B.] 140; *Butler* v. *Smith*, 35 Miss. 457; *Earle* v. *Rice*, 111 Mass. 17; *Grierson* v. *Mason*, 1 Sandf. 185; 60 N. Y. 394.) The court erred in refusing to find that a parol agreement was made. (Code Civ. Pro. § 993.) A verbal agreement to pay for the building, if erected, was binding upon the defendant. (*Park-*

hurst v. *Van Cortlandt,* 14 Johns. 15; *Miller* v. *Ball,* 64 N. Y. 286; *Winchell* v. *Winchell,* 100 id. 163; *Favill* v. *Roberts,* 50 id. 225.) The payment of the $500 for the release would not have been made had not the agreement to allow the substituted building to take the place of the dwelling and the other covenants of the lease to remain unchanged. The defendant is, therefore, bound by the act of Mr. White in making the agreement. (*Jordan* v. *L. I. R. R. Co.,* 115 N. Y. 380, 385.) In the consideration of this question the court will take into account the fact that to conclude otherwise would be to place the plaintiff wholly at the mercy of the defendant in regard to the payment for the building or the renewal of the lease. (*Russell* v. *Allerton,* 108 N. Y. 292.)

The law dislikes forfeitures, and a court of equity should do all. in its power to prevent such a result. (*Collins* v. *Hasbrouck,* 56 N. Y. 157.) The plaintiff did nothing to forfeit his right to a new lease. (*Madice* v. *Allen,* 26 Barb. 41; *Conger* v. *Duryea,* 90 N. Y. 594; *Murray* v. *Harnay,* 56 id. 337.) The clauses in the lease relating to the building and subletting are conditions subsequent. Forfeitures for breach of such conditions are not favored in law. (*Ludlow* v. *N. Y. & H. R. R. Co.,* 12 Barb. 440; *Camp* v. *Culver,* 5 id. 91; *Conkling* v. *King,* 10 id. 372; 10 N. Y. 470; *Ireland* v. *Nichols,* 46 id. 413; *Titus* v. *G. F. Ins. Co.,* 8 Abb. [N. C.] 329; *Collins* v. *Hasbrouck,* 56 N. Y. 157; *Graham* v. *Baker,* 9 Wkly. Dig. 92; Taylor on Landl. & Ten. § 286; *Goodwright* v. *Davids,* Cowp. 803; *Clark* v. *Jones,* 1 Denio, 516.) The lease contains no clause of forfeiture in case any portion of the term demised should be assigned or the premises sublet by the original lessees, but only a clause of re-entry for a breach of its covenants and conditions. This is the only penalty. (Taylor on Landl. & Ten. § 292; *Johns* v. *Whittey,* 3 Wils. 65; *Wafer* v. *Mocatto,* 9 Mod. 112; *Sanders* v. *Pope,* 12 Ves. 282; *Davis* v. *West,* Id. 475; *Hill* v. *Barclay,* 18 id. 55; *Reynolds* v. *Pitt,* 19 id. 133; *Baxter* v. *Lanning,* 7 Paige, 350; Story's Eq. §§ 1314, 1315–1319, 1321–1324.) If a parol license be used as a snare under circumstances which amount

to fraud, equity will give relief. (*Richardson* v. *Evans*, 3 Madd. 218; *Maeher* v. *F. Hospital*, 1 V. & B. 191; *Roe* v. *Harrison*, 2 T. R. 425; *Bank of U. S.* v. *Sandridge*, 12 Wheat. 64, 70; *Hall* v. *Carey*, 5 Ga. 239; *D. Line* v. *B. M. Co.*, 12 N. H. 205; *Hoag* v. *Lamont*, 60 N. Y. 96; *Olcott* v. *T. R. R. Co.*, 27 id. 558; Taylor on Corp. §§ 193, 200, 203, 204, 207, 208, 210.) Hard covenants in leases are not enforced and the court will have regard to any circumstance rendering their enforcement inequitable. (*Trustees, etc.,* v. *Thacher*, 87 N. Y. 311.)

*Sidney S. Harris* for respondents. The plaintiff failed to perform the covenants in the lease which were a condition precedent to his right to ask for a new lease. (*Pike* v. *Butler*, 4 N. Y. 360; *P. Bank* v. *Mitchell*, 73 id. 406.) No dwelling-house has been built as the lease requires, and the real and substantial consideration for a new lease has wholly failed. (*Abeel* v. *Radcliff*, 13 Johns. 298; *Bruce* v. *Fulton*, 79 N. Y. 163.) An action for specific performance will not lie to enforce the covenant of renewal in the lease, where the right of renewal depends upon the exercise of an option by the defendant, to renew or pay the value of a building which the lease requires to be erected. (*Rutgers* v. *Hunter*, 6 Johns. Ch. 219; Wood on Landl. & Ten. §§ 413, 930, 945.)

BROWN, J. In *Smith* v. *St. Philip's Church* (107 N. Y. 610), this court construed a release, substantially like the one in this case, as bearing upon a covenant of renewal contained · in a lease almost identical with the one before us, and held that the effect was to wholly discharge the lessee from any obligation to build, and that thereafter the lease stood as though no covenant to build had been inserted; but that the right to build during the term was preserved; and the lessee, in that case, having built, was held entitled to have the defendant exercise the option provided by the lease. It was said in the opinion in the case cited that the erection of a building not authorized by the lease, would be a mere volun-

tary act which would give no right to a renewal, and for which the lessor would not be bound to pay.

That statement was probably not necessary to the decision of the case cited, as the plaintiff there had erected such a building as was called for and authorized by the lease and had thus furnished the consideration for the renewal. We are of the opinion, however, that it correctly states the law applicable to the case before us.

The lease provided that if the lessees "shall erect such dwelling-house as is above described," and if "such dwelling-house shall be standing on the demised premises at the expiration of the term, and fully and faithfully perform all and singular the other covenants, stipulations and agreements on their part to be performed," then the party of the second part will grant a new lease or pay the value of the building.

Thus, by the express terms of the agreement, the erection of the dwelling-house and the fact that it is standing on the demised premises at the end of the term, was made the consideration for the covenant to renew the lease or pay for the building, and the performance of other covenants in the lease on the part of the lessees were conditions precedent to their right to enforce such covenant against the lessor.

Unless the plaintiff has fulfilled those conditions he has no remedy against the defendant. (*P. Bank* v. *Mitchell,* 73 N. Y. 406; *Pike* v. *Butler,* 4 id. 360.)

No action could be maintained upon the lessor's covenant until the erection by the lessee of such a building as was authorized by the lease, or some sufficient reason shown for its non-erection, or that the obligation to erect it had been waived by the lessor. (*Glacius* v. *Black,* 50 N. Y. 145.)

The fact that the lessor received rent under the lease after knowledge of the erection of the carriage factory, would not constitute a waiver of the agreement to erect a dwelling-house as a consideration for a renewal of the lease.

Receiving rent after forfeiture waives the forfeiture and affirms the lease freed from the condition. (*Conger* v. *Duryee,*

90 N. Y. 594; Taylor's Landl. & Ten. § 497.) Thus, if there is a condition that the tenant will not assign the lease or sublet the premises, and the landlord accepts the rent, knowing of such assignment or subletting, he affirms the lease without those conditions. (*Murray* v. *Harway*, 56 N. Y. 337.)

But in this case there was, after the execution of the release, no covenant on the part of the tenant to build, and, therefore, there could be no breach and no waiver of such a covenant. It was entirely optional with the tenant whether or not he should erect a building on the property, but if he desired to obtain the benefit of the landlord's covenant to renew, or pay for the building, he was bound to erect such a building as was specified in the lease, and to see to it that it was standing on the premises at the expiration of the term. There was no claim in this action that the building erected by the plaintiff complied with the lease.

It was not so alleged in the complaint. The right to recover was there asserted on the ground of the erection of "a building other than a dwelling-house, by permission of and agreement with the defendant," and it was sought to establish such an agreement by parol evidence.

The trial court found as facts that the building erected by the plaintiff was intended for and was used as a carriage factory and blacksmith's shop, up to the expiration of the lease, and that it was erected without defendant's consent. That the lease had been assigned during a part of the term by the plaintiff and that the premises had been sublet from year to year down to the expiration of the lease and that such assignment and subletting was without the knowledge or consent of the defendant.

He refused to find that the release was executed to enable the plaintiff to take an assignment of the lease and erect on the demised premises a building for business purposes, and that the same was to take the place of the dwelling-house for the purpose of taking a new lease.

There was evidence to support these conclusions of the Special Term, and they cannot be reviewed in this court.

Upon the established facts, therefore, there was no waiver of the covenant against assigning and subletting, and there was a total failure of consideration for the renewal of the lease or the obligation to pay for the building.

Under such a state of facts there can be no recovery by the plaintiff.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.