GOODRICH, P. J., BARTLETT, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment of the Municipal Court reversed and new trial ordered, costs to abide the event, unless the respondent, within twenty days, execute and deliver an assignment to the appellant of the judgment obtained by the plaintiff against Gollner; in which case the judgment affirmed, without costs of this appeal to either party.

---

WILLIAM J. SNYDER and Others, Respondents, *v.* CORA E. SLOANE, Appellant.

*Action for materials sold — ordered by defendant's husband and used in houses on her land — proof that defendant did not request her husband to purchase them.*

In an action to recover for building materials furnished by the plaintiffs upon the order of the defendant's husband and used in the erection of houses upon land owned by the defendant, evidence that the defendant knew that the houses were being erected and had heard her husband say that they were to be hers, is insufficient to establish liability on the defendant's part.

In such an action it is error to refuse to allow the defendant's husband, when called as a witness by her, to state whether the defendant ever requested him or told him to purchase from the plaintiff any of the materials to be used in the erection of the houses.

APPEAL by the defendant, Cora E. Sloane, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Richmond on the 17th day of March, 1899, upon the report of a referee.

*William Allaire Shortt* and *Henry A. L. Sand,* for the appellant.

*Calvin D. Van Name,* for the respondents.

JENKS, J. :

This is an appeal from a judgment entered upon the report of a referee in favor of the plaintiffs in their action for goods sold and delivered. One of the plaintiffs, in so many words, testifies : " Mrs. Sloane never paid us any money on account of materials furnished to any house, delivered upon the lot owned by her, and she never ordered from us or requested us to send any materials to any building which was being erected on any lot owned by her. I never sent her a bill for materials furnished to any building which was erected on the lot owned by her nor did any of my firm. All our transactions with reference to the building materials furnished were had with Mr. Sloane individually and with Mr. Conklin " (the builder). Indeed, at the outset, the theory of the plaintiff, as put by his counsel, was this : " We propose to establish the agency of William A. Sloane and his authority to order those goods and to connect the defendant with this transaction." I find no evidence that Sloane was the declared agent of the defendant. On the other hand, there is proof that the account was sent to the husband before it was ever sent to the wife, that the material was charged to him, with the name of the house written after his name, to distinguish it from the other houses, *i. e.,* a memorandum of the place of delivery, as plaintiff was " supplying " him (Sloane) at other houses at the same time.

I think that the testimony is not sufficient to hold the defendant as an undisclosed principal. The relation of the parties does not establish agency (*Valentine* v. *Applebee,* 87 Hun, 1); indeed, it would seem rather to require stricter proof of the claim. (*Hoffman* v. *Treadwell,* 2 T. & C. 57.) In *Jones* v. *Walker* (63 N. Y. 612) it was held where land was owned by the wife that evidence of the relationship and the fact that the defendant knew that the work was in progress and did not object was not sufficient to establish agency, but that there must be some evidence that in the husband's dealing he acted as agent and not as principal, and that his contract was for the wife upon her credit and with her consent and knowledge ; that

her credit was pledged and that she is understood to be the contracting party. (See, too, *Corning* v. *Lewis*, 54 Barb. 51.) A husband is not prohibited from improving the lands of his wife upon his own credit or with his own money; indeed, the relationship would afford just reason for her belief that he is conferring a benefit upon his own charge. (2 Bish. Mar. Wom. § 397; *Ainsley* v. *Mead*, 3 Lans. 116, 123; *Bannen* v. *McCahill*, 30 N. Y. St. Repr. 305, 307.) These principles apply to the testimony of the plaintiff that the defendant owned the land and knew that the houses were building; that at the same time the defendant had heard her husband say that the house was to be hers; that she had said to a third party that a room in it was her room, or "our room," and that the defendant sat in her husband's carriage on an occasion when he ordered some material "for one of the other houses." There was no sufficient evidence of any ratification, and I think that the decision of the referee is so counter to the weight of evidence as to require a new trial.

It was error to exclude under the general objection the defendant's question to William A. Sloane, the husband, called by the defendant, whether the defendant ever requested him or told him to purchase from the plaintiffs any of the materials to be used in the erection of either of the houses.

The judgment must be reversed, the order of reference vacated, and a new trial granted, costs to abide the event.

GOODRICH, P. J., WOODWARD, HIRSCHBERG and SEWELL, JJ., concurred.

Judgment reversed, order of reference vacated, and new trial granted, costs to abide the event.