## HEIDRITTER et al. v. WOLF.

(Supreme Court, Appellate Division, Second Department.    December 29, 1905.)

HUSBAND AND WIFE—ACTIONS—LIABILITY OF WIFE FOR VALUE OF BUILDING MA-
TERIALS—QUESTION FOR JURY.

In an action against a husband and wife to recover the value of build-
ing materials used in the construction of a house, evidence as to the liabili-
ty of the wife *held* sufficient to entitle plaintiff to a submission to the
jury.

Jenks and Woodward, JJ., dissenting.

Appeal from Trial Term, Richmond County.

Action by Frederick L. Heidritter and another against Theresia
Wolf and husband to recover the value of building materials used in
the construction of a house. From a judgment of nonsuit in favor of
Theresia Wolf, plaintiffs appeal. Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOOD-
WARD, JENKS, and RICH, JJ.

Richard T. Greene, for appellants.

Frank H. Innes, for respondent.

PER CURIAM. While the evidence in this case may be slight, we
think there was sufficient to carry the case to the jury on the question
of the liability of the respondent to pay the plaintiffs' claim, and that
a nonsuit was accordingly improper.

Judgment and order reversed, and new trial granted; costs to abide
the final award of costs.

JENKS, J. I dissent. This action, to recover the value of building
materials used in the construction of a house, was begun against hus-
band and wife, and judgment on default was entered against them.
The judgment was opened for the wife, who answered, and whose
motion for a nonsuit, made at the close of the plaintiffs' case, was grant-
ed. The evidence is that the transaction was between plaintiffs and the
husband, with whom there had been previous dealings; that nothing
was said to the plaintiffs as to any ownership by the wife of the prem-
ises whereon the house was to be built; that the plaintiffs were igno-
rant of her interest in the land until after they sought to collect their
bill; and that the material was charged to the account of the husband.
An employé of the plaintiffs testified that, when he brought the material
to the premises and told the defendant of his errand, she said,. "Very
well; if it belongs to me, you can lay it off here"—that when he sought
her to sign the ticket he did not find her, but the husband signed it.
Another employé testified that, when he brought lumber to the premises,
the defendant told him to leave it. The builder of the house testified
that the defendant ordered some alterations or changes from time to
time, and once prevailed over her husband in her wish for an alter-
ation. There was no other evidence, save as to certain admissions of
the defendant, which I shall consider later. I think that the evidence
was not sufficient to make a prima facie case as to the agency of the
husband. Snyder v. Sloane, 65 App. Div. 543, 72 N. Y. Supp. 981,
and authorities cited. The mere fact that the wife was a tenant by the

entirety with the husband (Bertles v. Nunan, 92 N. Y. 152, 44 Am. Rep. 361), with such rights as are defined in Hiles v. Fisher, 144 N. Y. 306, 39 N. E. 337, 30 L. R. A. 305, 43 Am. St. Rep. 762, was not sufficient to establish a prima facie case of her liability. Even proof of her sole ownership of the land would not establish a prima facie case of her liability, under the circumstances. Snyder v. Sloane, supra; Norton v. Norton (Sup.) 1 N. Y. Supp. 552; Bannen v. McCahill (Sup.) 8 N. Y. Supp. 916.

The plaintiff Frederick L. Heidritter further testified that he once saw the defendant alone as to payment; that she then pleaded for more time, and "said that she would pay. They were going to pay, she said, and Mr. Wolf had been sick. She pleaded for more time, and wanted me to wait longer." In Travis v. Scriba, 12 Hun, 391, the defendant, a married woman, owned a farm, but was absent in Florida when certain trees were purchased by the husband and set out. The plaintiff testified that he was introduced by the husband to the defendant as the man that sold them the trees, and that afterwards when he called to collect his pay the defendant, in the absence of her husband, said "she did not have the money then, but if he would leave the bill she would send the money to his son's office." The court, per Gilbert, J., said:

"It is not enough that the trees were purchased for the purpose of improving her separate estate. The law does not forbid a purchase by the husband on his own account for that purpose. If the evidence was sufficient to show that the trees were in fact purchased for the wife, although such purchase was made in the husband's name and without any antecedent authority from the wife, yet her promise to pay the price might be deemed a ratification of his act, and as such equivalent to a prior authority. The purchase being for the benefit of the wife's estate, a very slight matter would serve to prove a ratification, and the promise of the wife to pay no doubt is sufficient for that purpose. Commercial Bank of Buffalo v. Warren, 15 N. Y. 577. But where a husband, who is supposed to have acted for his wife in making a purchase, did not so act, but acted for himself, there is nothing to ratify. The promise of the wife is one to answer for the debt of her husband, and being verbal merely, if otherwise valid, it would still be within the statute of frauds and void. But the fact that the substantial benefits of the purchase by the husband accrued to the wife furnishes no consideration for her promise. She was under no moral obligation to pay for chattels bought by her husband and put upon her farm without her procurement, and therefore the principle decided in Goulding v. Davidson, 26 N. Y. 604, is not applicable to this case."

I think that this authority is applicable to this case.

The plaintiffs called Mr. Zuckerman, who testified that at his office he had some conversation with the defendants regarding the claim which the plaintiffs made against them, and that the defendants made a statement to him with the request that he communicate it to the plaintiffs' attorneys:

"By the Court: Q. What did they say? A. They asked me to go to Mr. Greene with the purpose— Q. Not the purpose; what did they say? A. To see if I could effect a settlement of the Heidritter claim, and thereupon— Q. You have answered it. What did they tell you to say to him? Have you answered that? A. Yes. Mr. Innes (Defendant's Counsel): I move that that answer be stricken out. (Motion granted. Exception by plaintiffs.) By Mr. Greene: Q. Did they state to you that you should make any offer to the plaintiffs' attorney, any offer in money? (Objected to as incompetent, immaterial, and irrelevant, and because it involves a privileged communication

made by a client to an attorney. Objection sustained. Exception.) Q. Did they state to you that you should state or represent to the plaintiffs' attorney that this property now belonged to Mrs. Wolf alone, and that (sic) would place a mortgage upon the same, and out of the proceeds of the mortgage she would pay this claim? (Same objection, ruling, and exception.)"

I find no error in the rulings. In the first place, in the words of Bartlett, J., in Tennant v. Dudley, 144 N. Y. 504, 507, 39 N. E. 644:

"The rule is well settled that no advantage can be taken of offers made by way of compromise; that a party may, with impunity, attempt to buy his peace."

See, too, Smith v. Satterlee, 130 N. Y. 677, 29 N. E. 225.

It is insisted that there is no proof that Mr. Zuckerman was an attorney at law. The court can take judicial notice thereof. Am. & Eng. Ency. of Law, vol. 17, p. 924, and authorities cited; Rice on Evidence, vol. 1, p. 16; Chase's Stephens' Digest of the Law of Evidence, 119, note 5.

WOODWARD, J., concurs.