(70 Misc. Rep. 110.)

### SARATOGA HOLDING CO. v. WASHBURN, Sheriff, et al.

(Supreme Court, Special Term, Saratoga County. December, 1910.)

1. CHATTEL MORTGAGES (§ 162*)—DEFAULT—TITLE OF MORTGAGEE.

On default in chattel mortgage, the actual title vests in the mortgagee, and the property is subject to levy and sale under an execution against him.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. §§ 286–293; Dec. Dig. § 162.*]

2. CHATTEL MORTGAGES (§ 286*)—FORECLOSURE—RIGHTS OF JUDGMENT CREDITOR—ENFORCEMENT.

Where by a sale of mortgaged property on foreclosure the mortgagor is devested of title, a judgment creditor who claims that the proceedings by which the debtor was deprived of title were fraudulent as to creditors may test their validity by levying upon and selling the property, and such suit will not be restrained by an action by the purchaser at foreclosure sale.

[Ed. Note.—For other cases, see Chattel Mortgages, Dec. Dig. § 286.*]

Action by the Saratoga Holding Company against John Washburn, Sheriff of Saratoga County, and others. Order to show cause why restraining order should not be continued. Motion denied.

Rockwood, McKnight & McKelvey, for the motion.
Gilbert & Wessel, opposed.

VAN KIRK, J. This matter comes before the court upon an order to show cause made November 3, 1910, by Mr. Justice Houghton, why a restraining order granted therewith should not be continued during the pendency of the action. The action is brought to restrain defendants from levying on and selling certain personal property in Congress Hall Hotel, which the plaintiff claims to own, under an execution; and said restraining order enjoins such levy and sale during the pendency of this action.

The facts, as they appear in the complaint, the answer, and the affidavits of the parties, are briefly as follows: The plaintiff is a domestic corporation. The Illinois Surety Company is a foreign corporation organized under the laws of the state of Illinois, and doing business in New York State. The defendant Washburn is the sheriff of Saratoga county, and the defendant Wight V. Abbott is the judgment creditor. On the 6th day of October, 1909, Lewis M. Isaacs and others recovered a judgment against the Haines Realty Company, which is a domestic corporation. This judgment was recovered in the Supreme Court in New York county for the sum of about $8,000, in which county the judgment was entered on or about October 6, 1909. Said judgment was assigned to the defendant Wight V. Abbott on June 16, 1910. A transcript of said judgment was filed in the clerk's office of Saratoga county, August 17, 1910, and execution was issued thereon August 23, 1910, and delivered to defendant Washburn, who, under direction of the defendant Abbott, levied upon all the right, title, and interest of the Haines Realty Company in certain personal property then in Congress Hall Hotel in Saratoga Springs. The execu-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

tion is still in the hands of the sheriff, the property had been advertised for sale under the execution, but the sale has been restrained by a preceding injunction order, which was vacated, and by the injunction order now before the court.

On or about September 9, 1908, Congress Hall, a domestic corporation, executed and delivered to Edgar T. Brackett a mortgage, covering the real estate and personal property of Congress Hall; the personal property being the furniture and furnishings of the hotel. This mortgage was recorded in the Saratoga county clerk's office September 10, 1908. On June 2, 1909, Edgar T. Brackett assigned the said mortgage, with its accompanying bond, to the Haines Realty Company. The mortgage, principal, and interest became due September 9, 1909. It appears that the interest was payable semiannually and the interest due March 9, 1909, when the bond and mortgage were still the property of Edgar T. Brackett, was not paid; but his assignment of said bond and mortgage transferred whatever right and interest he had in the mortgage debt and in the property covered by the mortgage to the Haines Realty Company. In September, 1909, the Haines Realty Company began proceedings for the foreclosure of the mortgage. Soon thereafter said mortgage was assigned and transferred to Carlene A. Way (the mother-in-law of Franklin Haines) for a valuable consideration, it is claimed, and upon the understanding that the avails of the property, after the foreclosure sale, should be credited by said Carlene A. Way upon the indebtedness of the Haines Realty Company to her, which is alleged to amount to about $86,000. Thereafter the case proceeded to judgment for foreclosure and sale, which judgment was entered January 8, 1910. Sale under said judgment was advertised by referee Andrus, appointed for such purpose, and the property, real and personal, was bid in by Samuel B. Haines for $25,000. This bid was assigned to Jeanne G. Mathot, by written assignment, dated April 23, 1910; and on the same day referee Andrus conveyed the property to Mathot. On April 25, 1910, Mathot conveyed to the Saratoga Holding Company, the plaintiff herein. Soon after the sale and before the assignment of the bid to Mathot, the Haines Realty Company assigned the mortgage to Samuel B. Haines. Samuel B. Haines, Franklin Haines, and Jeanne G. Mathot were the directors and officers of the Haines Realty Company. The plaintiff herein was incorporated April 23, 1910, and Samuel B. Haines, Franklin Haines, and Jeanne G. Mathot are the directors and officers of the plaintiff. It is claimed by the defendants that the Haines Realty Company is insolvent. The defendants claim that the entire foreclosure proceedings and the transfer of the personal property in question to the Saratoga Holding Company and the transfer of the mortgage after foreclosure was begun were for the purpose of defrauding the creditors of the Haines Realty Company and especially the defendant Abbott.

The position of defendant Abbott is that upon default the personal property covered by the mortgage became the property of the mortgagee, Haines Realty Company; that the foreclosure was a fraud upon the creditors of the Haines Realty Company and particularly upon the defendant Abbott; that the defendant Abbott cannot be driven to an equity action to set aside the fraudulent transfer, but may assert his

right under his judgment and execution; and that the judgment creditor may make his election and may proceed under his execution.

When this matter was before this court under a former order to show cause, it was stated that the judgment creditor might issue an execution direct against the property of the defendant in the execution, which property he claimed had been fraudulently transferred by the judgment debtor, and that the judgment creditor could not be compelled to seek relief by action to set aside the fraudulent conveyances before issuing his execution. Chautauqua County Bank v. Risley, 19 N. Y. 369, 75 Am. Dec. 347.

I understand that the same rule prevails with regard to personal property, and Code, § 1418, provides a means for the determination of the claim of a third party to the personal property levied upon. The chief question here is, therefore, whether or not the right, title, and interest of a chattel mortgagee, after default, and before foreclosure of the mortgage, may be levied upon and sold under an execution against the mortgagee. This question seems to have been determined finally in this state. In Tremaine v. Mortimer, 128 N. Y. 12, 27 N. E. 1063, it is said:

"Upon default of the mortgagor of chattels, the absolute title vests at once without possession in the mortgagee, and all the mortgagor has left is a right of redemption in equity, and there is no interest in the property left in him which can be seized by execution."

In this case at bar there was a default. The Haines Realty Company was the mortgagee at the time of the default, and the absolute title to the personal property covered by the mortgage vested at once in the Haines Realty Company.

In Ferguson v. Lee, 9 Wend. 258, it is held that, under such circumstances, the chattels were subject to a levy under an execution against the mortgagee; and the holding of this case has been the law of this state since, so far as I am able to find. Dane v. Mallory, 16 Barb. 46, 50.

It is true that the foreclosure of this mortgage and the transfer of the personal property to the Saratoga Holding Company, plaintiff, if untainted by fraud, has put the title of this property in the plaintiff. At the time of the foreclosure, the judgment against the Haines Realty Company had not been entered in Saratoga county, and there was no lien upon the personal property, because no execution was outstanding. But the defendants desire to assume the risk of liability for their levy and sale, if it shall be finally determined that the foreclosure proceedings, assignments, and transfers were not conducted for the purpose of defrauding the creditors of the Haines Realty Company.

Having reached this conclusion, I think the preliminary objections taken on the part of the defendant are of no importance in the case.

The motion of the plaintiff that the injunction be continued during the pendency of the action is denied, with $10 costs, and an order may be prepared accordingly.

Motion denied.