(85 Misc. Rep. 392)

### THOMPSON et al. v. MARSEILLAISE FRENCH BAKING CO.

(Supreme Court, Appellate Term, First Department.   May 7, 1914.)

1. CONTRACTS (§ 29*)—ACTIONS—QUESTIONS FOR JURY.

In an architect's action for compensation for preparing plans, where there was a conflict between the testimony of defendant's president as to what he told plaintiffs, and the testimony for plaintiffs as to what defendant's employé, as interpreter, represented the president as stating, it was a question for the jury whether the employé correctly interpreted the president's statements.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 141–143, 1824; Dec. Dig. § 29.*]

2. CONTRACTS (§ 349*)—ACTIONS—ADMISSIBILITY OF EVIDENCE.

In an architect's action for compensation for preparing plans for a building, it was error to exclude evidence as to whether defendant owned the real property on which the building was erected, or had erected, or took steps to erect, a building thereon, or whether its president, with whom plaintiffs negotiated, was authorized to erect a building, and that a third party owned such land and put up a building thereon.

[Ed. Note.—For other cases, see Contracts, Cent. Dig. §§ 1096, 1781–1784, 1788–1798, 1809, 1811–1814, 1817, 1818; Dec. Dig. § 349.*]

3. CORPORATIONS (§ 429*)—AUTHORITY OF OFFICERS OR AGENTS—NOTICE.

Persons dealing with the officers of a corporation, or with persons assuming to represent it, are chargeable with notice of its purposes and powers, and with the actual or apparent authority of its officers or agents.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1720–1723, 1725; Dec. Dig. § 429.*]

4. CORPORATIONS (§ 406*)—AUTHORITY OF OFFICERS OR AGENTS—IMPLIED AUTHORITY OF PRESIDENT.

The president of a corporation with a capital stock of $10,000 had no authority, unless expressly authorized by the board of directors, to bind it by a contract with an architect for the preparation of plans for a building on the land of another at a cost of $125,000.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1611–1614; Dec. Dig. § 406.*]

Appeal from City Court of New York, Trial Term.

Action by Albert Thompson and others, copartners as Thompson & Frohling, against the Marseillaise French Baking Company. From a judgment on a verdict for plaintiffs for $700 and costs, defendant appeals. Reversed, and new trial granted.

Argued April term, 1914, before GUY, PAGE, and WHITAKER, JJ.

H. A. Vieu, of New York City (Lemuel Skidmore, of New York City, of counsel), for appellant.

Roberts & Hepburn, of New York City, for respondents.

GUY, J.   This action was brought to recover for architect's commissions.   The answer was a denial of all the material allegations of the complaint.

[1] Plaintiff Frohling testified he was informed by one Devernoy, an employé of defendant, that defendant was going to build a bakery at a cost of $125,000, and Devernoy asked him to prepare plans; that

Devernoy brought defendant's president to plaintiffs' office, where defendant's president, who could not speak English, was represented by Devernoy as his interpreter, and Devernoy then stated defendant's president approved the plans, with some small alterations. Other witnesses for plaintiffs corroborated Frohling as to what the interpreter represented defendant's president as saying at the interview in question. Defendant's president testified that he told plaintiffs he would not bind himself to any engagement if they saw fit to draw plans; that plaintiffs must take their chances if they prepared any sketches. The question as to whether or not Devernoy, while in the defendant's employ, correctly interpreted the president's words, was a question for the jury to determine. Defendant's president also testified that plaintiffs' price was too high, and whatever or whoever made the arrangements for the plans made it with another architect.

[2] Defendant's president was asked as to whether defendant had ever owned the real property upon which the building was erected, had ever erected or taken any steps to erect a building thereon, or whether he was ever authorized by defendant to erect the building. This evidence was all excluded under plaintiffs' objection and defendant's exception. Further testimony as to who, other than the defendant, did own the lots and put up the building thereon, was also excluded. This was prejudicial error. Proof of phsyical facts contradicting the gravamen of the plaintiffs' case is admissible. Snyder v. Sloane, 65 App. Div. 543, 545, 72 N. Y. Supp. 981; Stone v. Cronin, 72 App. Div. 565, 76 N. Y. Supp. 605.

While there is a serious conflict both in the direct proof and in the inferences to be drawn from the proof, the exclusion of all proof of physical facts inconsistent with the determination of the vital issue upon which the prevailing party recovered is error, for which either a new trial or a modification of the judgment appealed from must be granted. No proof was offered by plaintiffs that the defendant company owned the land or ever erected a building thereon. The evidence showed that the capital of the defendant company was about $10,000.

[3, 4] "Persons dealing with the officers of a corporation, or with persons assuming to represent it, are chargeable with notice of the purpose of its creation and its powers and with the authority, actual or apparent, of its officers or agents with whom they deal." Wilson v. Kings Co. E. R. R. Co., 114 N. Y. 491, 492, 21 N. E. 1015, 1016. Prima facie, the president of a $10,000 corporation could not, without express authorization of the board of directors, bind the corporation by contracts relating to the erection on another's land of a building to cost many times the amount of the total capital stock of the corporation, which building, in the absence of an express agreement to the contrary, would become the property of the owner of the land. McIntosh v. Rector, 120 N. Y. 7, 12, 23 N. E. 984. The making of such contracts would not be within the scope of his general authority as president.

Judgment reversed, and new trial granted, with costs to appellant to abide the event. All concur.