LOUIS VETAULT, Respondent, *v.* ANNE KENNEDY, Appellant.

Second Department, May 25, 1917.

**Principal and agent — liability of wife for labor and materials in improving her land — agency of husband — promise of payment — Statute of Limitations — payments on running account — setoff.**

Where, in an action by a landscape gardener for labor and materials furnished to the defendant, it appears that she requested and used the labor and materials and that her husband acted as her agent, the undenied testimony of the plaintiff that the defendant, when asked for payment, answered that " she was cramped at that time, but she would pay me when she could;" sufficiently made out a promise of payment.

The rule that the marital relation alone does not empower the husband to involve the wife by his improvements on her land is not applicable in view of the proof of defendant's express ratification and also of her own orders to plaintiff and her acts of superintendence.

Nor was she released from liability by plaintiff's sending bills to the husband.

The Statute of Limitations is not a bar because of payments made on the running account.

A credit of a certain amount on a statement to the defendant's husband was a proper setoff in view of the findings of agency.

APPEAL by the defendant, Anne Kennedy, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Suffolk on the 6th day of July, 1916, upon the report of a referee appointed to hear and determine the issues.

*John Thomas Smith* [*Frank A. Gaynor* with him on the brief], for the appellant.

*Harry G. Stephens,* for the respondent.

PUTNAM, J.:

Plaintiff, a landscape gardener, worked many years in laying out, cultivating and ornamenting an Easthampton country estate. Beside the labor, plaintiff brought richer soil for gardens, with fertilizer, also delivered and planted privet hedges, shrubs, plants and evergreens. This account, November, 1908, to July, 1914, totaled $2,316.35, so that, after credits, the referee rendered a report for $306.90, with interest from July 10, 1914. The title to the estate stood in defendant's name. The learned referee found that she used the labor and materials furnished, and in some transactions the husband, Arthur Kennedy, acted as agent of his wife. The reasonable value of the aggregate claim was proved by plaintiff without objection, also the fact of a demand of payment from the defendant.

On testimony not very conflicting, it has been found that defendant as owner of this family residence, which she personally occupied between 1909 and 1914, requested of plaintiff this labor and materials; also that in these transactions her husband acted as her agent. Plaintiff's testimony (which defendant did not specifically deny), that when asked for payment of the account defendant answered that " she was cramped at that time, but she would pay me when she could," sufficiently made out a promise of payment. Authorities holding that the marital relation alone does not empower the husband to involve the wife by his improvements on her land (See *Snyder* v. *Sloane*, 65 App. Div. 543) are not in point here, in view of the proof of defendant's express ratification; also of her own orders to plaintiff and her acts of superintendence over the work being done. She was not released by

plaintiff's sending bills to the husband. (*Foster* v. *Persch*, 68 N. Y. 400.) Because of payments made on this running account, it was not barred by the Statute of Limitations.

Plaintiff's statement of December 31, 1914, had a credit of $24 for a roller, also for 100 privet plants returned. When the account showing these credits was introduced by defendant, plaintiff objected that defendant's answer had no counterclaim. Apparently because this credit appeared in a statement to defendant's husband, and not to herself, her counsel did not request the referee to find or allow such a credit. However, in view of the findings of agency, we consider it a proper offset, and hence modify the recovery by deducting the $24, making the principal $282.90, with interest from July 10, 1914. As, however, this was not insisted on below and has not been specifically raised on appeal, we think plaintiff should recover costs.

The judgment as reduced to $282.90, with interest from July 10, 1914, is, therefore, affirmed, with costs in both courts.

JENKS, P. J., STAPLETON, MILLS and BLACKMAR, JJ., concurred.

Judgment reduced to $282.90, with interest from July 10, 1914, and as so reduced affirmed, with costs in both courts.