Jasen, J. (dissenting).
I must dissent from the court’s holding in this case. The lease between plaintiff and the city pro-Added that plaintiff would have the option to renew the lease for an additional five years, conditional upon the full and faithful performance of every term, covenant and condition of the lease. One condition of the lease was that plaintiff only engage in torch burning or burning in an incinerator. Yet, as the Appellate Division noted, there was substantial evidence that plaintiff regularly had open fires on his premises, usually in open gondola cars which had been purposely drenched Avith an inflammable liquid and set afire. This constituted a failure to comply with a specific condition of the lease and where “ the *428 right to renew a lease depends on the performance of definite conditions or covenants, the right cannot be exercised unless there is full compliance ”. (Vanguard Diversified v. Review Co., 35 A D 2d 102, 104, citing People’s Bank of City of N. Y. v. Mitchell, 73 N. Y. 406, and McIntosh v. Rector, Churchwardens & Vestrymen of St. Philip’s Church, 120 N. Y. 7.)
In my opinion, the issue of prior notice of default raised by the majority overlooks the difference between two distinct and separate provisions of the lease. Paragraph 14 of the lease gave the city the right to terminate the lease at any time upon default in performance by the plaintiff, provided the city first gave plaintiff notice of the default and opportunity to cure. However, paragraph 24 of the lease extended the right of option to the plaintiff to renew the lease for an additional term, conditioned on full compliance with the conditions and covenants of the lease. Paragraph 24 contains no notice provision, as does paragraph 14. Thus, compliance with the terms of the lease was the sole condition precedent to plaintiff’s right to exercise the option and renew and since plaintiff did not satisfy that condition precedent, its right to renew the lease never came into being. (See Farrell Lines v. City of New York, 30 N Y 2d 76, 82.) It is true, as the majority points out, that in construing a contract the whole instrument should be considered to determine the intent of the parties. However, no court is warranted under the guise of interpretation to make a new contract for the parties so as to make it express the real intention of the parties if to do so would contradict the express language of the parties. (Rodolitz v. Neptune Paper Prods., 22 N Y 2d 383; Royce Furs v. Home Ins. Co., 30 A D 2d 238.) This court simply has no power to add a notice provision to paragraph 24 of the lease.
Nor did the city waive its right to reject plaintiff’s attempted exercise of its option to renew by accepting rent during the term of the lease. The city accepted rent only until November, 1971, the month that the lease, without renewal, was due to expire, and thereafter refused all rent. "While it is true that such an acceptance of rent, with knowledge of the default, constituted a waiver by the city of its right to terminate the lease prior to the expiration of the lease, it does not follow that the contractual condition — that plaintiff refrain from having open *429 fires on the premises — was rendered nugatory. All that was waived by the acceptance of rent with knowledge of the default was the right of the city to terminate the lease during the term of the lease. (Woollard v. Schaffer Stores Co., 272 N. Y. 304, 313.)
In sum, the acceptance of rent with knowledge of the default during the term of the lease did not eliminate the need for compliance by the plaintiff with the conditions set forth in paragraph 24 of the lease in order to entitle the plaintiff to exercise the option to renew the lease.
Accordingly, I would affirm the order appealed from.
Chief Judge Breitel and Judges Gabrielli, Jones, Wachtler and Rabin concur with Judge Stevens; Judge Jasen dissents and votes to affirm in a separate opinion.
Order reversed, with costs, and judgment of Supreme Court, Monroe County, reinstated.